GONZÁLEZ, DEMANDANTE Y APELADO, *v.* VIRELLA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 1466.—Resuelto en julio 21, 1916.

COBRO DE PESOS—PAGARÉ—ORIGEN DEL PAGARÉ.—Aun cuando en una demanda sobre cobro de dinero se transcriba un pagaré, sin especificar el origen del

mismo, si el demandado lo hace en la materia nueva de su contestación y queda
además perfectamente aclarado por la prueba, la corte puede tomar dicho
origen en consideración para aplicar la ley reguladora del caso.

ID.—PAGARÉ A LA ORDEN—APLICACIÓN DEL ARTÍCULO 1138 DEL CÓDIGO CIVIL.—
Habiéndose dado el *pagaré a la orden* de que se trata en pago de parte del
precio de la venta de una casa, es de aplicación el precepto del artículo 1138
del Código Civil.

ID.—ID.—NATURALEZA CIVIL O MERCANTIL DEL PAGARÉ.—No distingue el artículo
1138 del Código Civil entre pagaré a la orden de origen civil o mercantil, y
lo único que 'debe demostrarse para que tenga aplicación dicho artículo es
que se trata de un verdadero *pagaré a la orden,* sin que sea necesario definir
la naturaleza civil o mercantil de éste, porque sea cual fuere, siempre se
trataría de un *pagaré a la orden* que, dado en pago, sólo produciría el efecto
de liberar al deudor cuando hubiere sido realizado o cuando por culpa del
acreedor se hubiere perjudicado.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. José y Manuel Tous Soto.*

Abogados del apelado: *Sres. Muñoz & Brown.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre cobro de dinero por no haberse podido hacer efectivo un pagaré a la orden dado en pago del precio de la venta de cierta propiedad inmueble.

En la demanda se alegó, en resumen, que la demandada endosó a favor del demandante, por valor entendido, un pagaré que copiado a la letra dice así:

"Por $2,451.67 U. S. Cy. Debemos y pagaremos a Doña Rosa Virella ·viuda de Ruiz, o a su orden, en la oficina principal de esta compañía, el día cinco de septiembre del entrante año mil novecientos doce, la cantidad de dos mil cuatrocientos cincuenta y un dollars y sesenta y siete centavos, devengando dicho importe el interés del doce por ciento (12%) anual, pagaderos por trimestres vencidos; y nos reservamos el derecho de recoger este documento al vencimiento de seis meses contados desde su fecha. San Juan, P. R., septiembre cinco de mil novecientos once. Borinquen Sugar Company. Anto. Caubet, Vice Pres. Páguese a Don Benito González o a su orden valor entendido. San Juan, P. R., mayo 22/912. Rosa Virella vda. de Ruiz."

Que a su vencimiento, el demandante presentó el pagaré para su cobro y éste le fué rehusado, procediendo entonces

el demandante a protestar el documento, notificando el protesto a la demandada; y que al endosarse el pagaré fué convenido entre ambas partes que si el deudor no lo pagare, la demandada respondería de su importe, obligación que ha dejado incumplida.

La demandada contestó la demanda aceptando el otorgamiento y endoso del pagaré en cuestión, pero negando sus otras alegaciones. Y como materia nueva constitutiva de oposición, alegó, en resumen, lo que sigue: Que la Borinquen Sugar Company otorgó a favor de la demandada el documento de que se trata; que la demandada al ceder dicho crédito al demandante no se obligó a responder de su importe; que la corporación deudora es solvente; que no se ha dictado sentencia contra dicha corporación condenándola al pago del importe del pagaré; que ni la Borinquen Sugar Company ni la demandada eran comerciantes a la fecha del otorgamiento del pagaré, y que Rosa Virella viuda de Ruiz, ni Benito González eran comerciantes en la época en que tuvo lugar el endoso de tal pagaré por la primera a favor del segundo y que este endoso se llevó a efecto para satisfacer la demandada Sra. Virella al Sr. González el precio de venta de una casa radicada en la calle de Cerra del término municipal de San Juan, lugar de Santurce, enajenada por el demandante González a la demandada Señora Virella y de cuyo contrato fué condición que el pago se efectuaría mediante dicho pagaré, devolviendo el demandante a la demandada el exceso de su montante sobre la cantidad estipulada como precio de venta.''

La prueba del demandante consistió en el pagaré de referencia; en el acta de protesto del mismo; en una certificación creditiva de que la Borinquen Sugar Company fué puesta bajo la administración de un síndico; en copia del poder otorgado por la demandada a favor de José Vilá que contiene facultades para comprar y vender bienes inmuebles, pagar deudas y administrar las propiedades de la demandada, y en las declaraciones del demandante, de Pablo San-

tana, de José Vilá y de la demandada. El demandante y el testigo Santana declararon que cuando el pagaré fué endosado la demandada, por medio de su apoderado Vilá, se había obligado a satisfacer su importe caso de no hacerlo la Borinquen Sugar Company. En igual sentido se admitió por la demandada que declararía otro testigo que faltó en comparecer. El testigo José Vilá y la demandada negaron la existencia de tal obligación. En sus declaraciones la demandada y Vilá expresan que el pagaré cuyo importe se reclama fué entregado al demandante en pago del precio de una casa que la demandada compró al demandante.

Sometido de tal modo el caso definitivamente a la corte de distrito, ésta lo resolvió por sentencia de 17 de septiembre de 1915 en contra de la demandada y la demandada interpuso entonces el presente recurso de apelación.

A continuación copiamos una parte de la opinión de la corte de distrito expresiva del verdadero fundamento que tuvo para dictar su sentencia. Dice así:

"Resulta de la prueba, que el documento se entregó al demandante como parte del precio de una casa que éste vendió a la demandada. De manera que, la demandada debió pagar en moneda en curso legal en Puerto Rico la suma en que se convino la venta, y de la cual es parte la reclamada en este pleito, porque recibió su equivalente en una finca, y, por tanto, era deudora al actor de dicha cantidad.

"El artículo 1138 del Código Civil dice:

" 'El pago de las deudas de dinero deberá hacerse en la especie pactada, y no siendo posible entregar la especie, en la moneda legal de plata u oro que tenga curso legal en Puerto Rico.

" 'La entrega de pagarés a la orden, o letras de cambio u otros documentos mercantiles, sólo producirá los efectos del pago cuando hubiesen sido realizados, o cuando por culpa del acreedor se hubiesen perjudicado.

" 'Entre tanto la acción derivada de la obligación primitiva quedará en suspenso.'

"Desde luego, que si, como en este caso, se recibió un documento, y éste no fué pagado por el librador, sin haber sido perjudicado por culpa del acreedor, la endosante debe su importe ya recibido de manos del demandante."

En su alegato la parte apelante señala la comisión de seis errores, a saber:

"*Primero*.—La corte erró al estimar que José Vilá apoderado de la demandada tenía poder bastante de ésta para afianzar el pago del pagaré endosado.

"*Segunda*.—La corte erró al estimar que el apoderado Vilá, prescindiendo de la extensión de sus facultades, podía ampliar la responsabilidad de su poderdante en un contrato por ella directamente celebrado, mediante un acto posterior de dicho apoderado, sin intervención ni conocimiento de la poderdante.

"*Tercero*.—La corte erró al estimar exigible un pagaré, sin previa excusión de los bienes del fiador.

"*Cuarto*.—La corte erró al permitir prueba oral de que la endosante del pagaré se había obligado a responder del pago al endosatario, variando así los términos del contrato de cesión del pagaré.

"*Quinto*.—La corte erró al conceptuar que se ejercitaba una acción de cumplimiento de compraventa y entrega del precio, y no meramente una acción en cobro de pagarés de índole civil, dirigiéndose la acción de cobro contra la endosante.

"*Sexto*.—La corte erró al condenar a la demandada al pago de la suma de $2,451.67, como precio aplazado de venta, siendo así que la demanda no contiene alegación ni siquiera alusión a tal contrato de compraventa."

Consideraremos primero los errores quinto y sexto, porque si la corte de distrito estuvo acertada en adoptar el criterio que adoptó para dictar su sentencia, será innecesario examinar las otras cuestiones suscitadas por la parte apelante.

La demanda se titula "sobre cobro de dinero" y aunque en ella se transcribe el pagaré a que nos hemos venido refiriendo, es lo cierto que no se explica el origen del mismo. Pero lo que no hizo el demandante, lo llevó a efecto la demandada en la materia nueva de su contestación y quedó además perfectamente aclarado por la prueba. De suerte que cuando el caso fué finalmente sometido a la corte sentenciadora, ésta por virtud de las alegaciones y las pruebas sabía que entre demandante y demandada se había celebrado un contrato de compraventa de una casa; que como parte del precio se

entregó un pagaré a la orden; que a la fecha de su venci-
miento el pagaré fué presentado para su cobro y no lo satis-
fizo el deudor y que entonces el vendedor de la casa se dirigió
contra el comprador pidiéndole que le abonara en dinero el
importe del pagaré.

A nuestro juicio, la corte de distrito apreció rectamente
los hechos y·aplicó la verdadera ley reguladora de este caso.

La certeza del contrato de compraventa, es un hecho indis-
cutible. Que parte del precio se satisfizo en un pagaré a la
orden, tampoco puede discutirse. Y que el documento no fué
pagado a su vencimiento, ni quedó perjudicado por culpa del
tenedor del mismo, aparece evidente de la prueba practicada.

Pero la parte demandada y apelante sostiene que no obs-
tante tratarse de un pagaré a la orden, el documento no es
mercantil porque ninguno de sus otorgantes estaba dedicado
al comercio, ni fué el resultado de operación mercantil alguna,
y que siendo ello así, no tiene aplicación el párrafo segundo
del artículo 1138 del Código Civil que se refiere sólo a docu-
mentos genuinamente mercantiles. Dicha parte sostiene ade-
más que el verdadero precepto aplicable es el contenido en
el artículo 1432 de dicho Código Civil que dispone que ''el
vendedor de buena fe responderá de la existencia y legitimi-
dad del crédito al tiempo de la venta, a no ser que se haya
vendido como dudoso; pero no de la solvencia del deudor, a
menos de haberse estipulado expresamente, o de que´la insol-
vencia fuere anterior y pública.''

Sin embargo, a nuestro juicio no se trata aquí de la cesión
o venta aislada de un crédito constante en un pagaré pro-
cedente de una operación civil, sino del pago de parte del
precio de una casa hecho por medio de un *pagaré a la orden,*
caso este último al que se refiere expresamente el precepto
legal aplicado por el tribunal sentenciador.

No distingue el artículo 1138 del Código Civil entre pa-
garé a la orden de origen civil o mercantil, y lo único que
debe demostrarse para que tenga aplicación dicho artículo,
es que se trata de un verdadero pagaré a la orden, sin que

sea necesario definir la naturaleza civil o mercantil de éste, porque sea cual fuere, siempre se trataría de un pagaré a la orden que dado en pago sólo produciría el efecto de liberar al deudor cuando hubiere sido realizado o cuando por culpa del acreedor se hubiere perjudicado.

Comentando Manresa el artículo 1170 del Código Civil antiguo, igual al 1138 del revisado, se expresa así:

"En cuanto a la clase de documentos a que el código se refiere, no han de ser necesariamente mercantiles, pudiendo ser también civiles; explicándose que hable expresamente de aquéllos, por ser forma más usual del crédito, si bien éste va teniendo cada vez más aplicaciones en el orden puramente civil. Dichos documentos podrán ser a la orden o al portador, pues la primera expresión usada por el código se contrae a los pagarés, de que habla, permitiendo luego la amplitud de concepto, y para incluir en ésta las dos formas de los documentos de crédito." 8, Manresa, Comentarios al Código Civil, 278.

Y Scaevola dice, entre otras cosas, lo que sigue:

"Por otra parte, en el mismo artículo 1170 se dispone que la entrega de pagarés a la orden, letras de cambio u otros documentos mercantiles sólo producirá los efectos del pago cuando hubieran sido realizados o cuando por culpa del acreedor se hubieren perjudicado. Esto supone en primer lugar que el acreedor se haya conformado con que la deuda le sea satisfecha por medio de dichos documentos, pues de otro modo no podría obligársele a recibirlos en pago de la deuda. También podría suceder que la entrega de tales pagarés, letras o efectos de giro hubiese sido estipulada en el contrato. De todos modos, como estos documentos no son dinero sino en cuanto se realizan, sólo hasta este punto sirven para liberar al deudor del compromiso contraído, con la limitación, por supuesto, del caso en que por no haberlos presentado al cobro en tiempo oportuno el acreedor, los efectos se hubieran perjudicado, perdiendo con ello su fuerza de obligar. Entonces, como se trata de un acto dependiente de la negligencia del acreedor, se imputan al mismo las consecuencias de lo sucedido, si el crédito por tal razón no llegase a ser efectivo en todo o en parte."

Por virtud de lo expuesto y habiendo llegado a la conclusión de que la corte de distrito pudo aplicar y aplicó rectamente a este caso el tantas veces citado artículo 1138 del

Código Civil, no es necesario examinar los otros motivos de error alegados por la parte apelante, y procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.